FILED

2013 JUN 28 AM 10: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California corporation,<br><br>        Plaintiff,<br>vs.<br><br>JOHN DOE subscriber assigned IP address 72.199.204.226,<br><br>        Defendant. | CASE NO. 13cv441-MMA(KSC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA<br><br>[Doc. No. 4.] |

On March 19, 2013, plaintiff filed an Ex Parte Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). [Doc. No. 4.] Plaintiff seeks leave to subpoena Cox Communications, defendant's alleged Internet Service Provider ("ISP"), to ascertain defendant Doe's true identity. [Doc. No. 4-1, at p. 4.] Since plaintiff has not named or served defendant in the action, no opposition or reply briefs have been filed. For the reasons outlined below, the Court finds that plaintiff's Motion must be **DENIED**.

## *BACKGROUND*

Plaintiff Malibu Media LLC is a limited liability company and the holder of rights to certain copyrighted works. [Doc. No. 1, Compl., at pp. 2-3; Doc. Nos. 1-5 and 1-6.] On February 25, 2013, plaintiff filed a Complaint alleging that a single Doe defendant identified by Internet Protocol address ("IP address") 72.199.204.226

persistently infringed on plaintiff's copyrights. [Doc. No. 1, Compl., at p. 1.] IP addresses are numbers assigned to internet subscribers by their ISP. [Doc. No. 4-2, Fieser Decl., at p. 2.]

Plaintiff's Complaint alleges that defendant, as an individual subscriber operating IP address 72.199.204.226, committed copyright infringement by downloading and illegally distributing plaintiff's copyrighted works using the popular peer-to peer file distribution network known as BitTorrent. BitTorrent is popular for its ability to share large amounts of data, including digital movie files. BitTorrent allows users to interact directly, eliminating the need for intermediary host websites that would be subject to regulatory enforcement. [Doc. No. 1, Compl., at p. 3.]

In order to distribute large files, a BitTorrent file downloaded by the user breaks the desired file into bits and distributes these bits amongst users, which are then exchanged and reassembled to be opened and enjoyed by the end user. Each bit is assigned a unique hash value ("bit hash") that can be used to digitally identify the bits and ensure each bit is properly routed during the file sharing process. [Doc. No. 1, Compl., at pp. 3-4.]

Plaintiff retained an investigator, IPP Limited, to use forensic techniques that are able to identify alleged infringers of plaintiff's copyrighted works by their IP addresses. [Doc. No. 1, Compl., at pp. 4-5.] IP address 72.199.204.226 was allegedly identified as a participant in infringing activity. The Complaint further alleges that infringing activity at this IP address was traced to a physical location within this District. [Doc. No. 1, Compl., at p. 2; Doc. Nos. 1-1, 1-2, 1-3.]

## ***DISCUSSION***

Plaintiff's Motion argues that the Court should issue an order allowing expedited service of a subpoena on third party Cox Communications pursuant to Federal Rule of Civil Procedure 45, because it is the ISP for the subject IP address. As a result, plaintiff contends that service of a third party subpoena on Cox Communications is the only means to discover the identity of the subscriber to IP address 72.199.204.226.

[Doc. No. 4-1, at pp. 3, 5-10.] Once the subscriber of this IP address is identified by name and address, plaintiff can serve the Complaint on the alleged infringer.

Discovery is generally not permitted before the Rule 26(f) conference without a court order. Fed. R. Civ. P. 26(d)(1). "[I]n rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999). Courts in the Ninth Circuit generally grant requests for expedited discovery when the moving party shows good cause. *Semitool, Inc. v. Tokyo Elec. Am., Inc.*, 208 F.R.D. 273, 275-276 (N.D. Cal. 2002).

When the identities of alleged defendants are unknown prior to the filing of a complaint, the Ninth Circuit has held that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing to pursue an action against defendant," plaintiff must also "make some showing" that an act giving rise to liability actually occurred and that the discovery is aimed at identifying the party who allegedly committed the act. *Columbia*, 185 F.R.D. at 579-580. "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Id.* at 578.

District courts have applied a three-factor test when considering whether there is good cause for expedited discovery to determine the identity of certain defendants. *Id.* at 578-580. First, the plaintiff should "identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. In recent cases, district courts have determined that a plaintiff can identify a Doe defendant with sufficient specificity by providing a unique IP address assigned to an individual on the day of the allegedly

infringing conduct, and by tracing the IP address to a physical point of origin which would subject the person to the court's jurisdiction. *See, e.g., Arista Records, LLC v. Does 1-4*, 589 F. Supp. 2d 151, 152-153 (D. Conn. 2008); *Openmind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at 2 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986, at 3 (N.D. Cal. June 21, 2011).

In support of its Motion, plaintiff submitted the Declaration of Tobias Fieser, who is employed by IPP, Limited. Plaintiff retained IPP, Limited to monitor the BitTorrent file distribution network to detect infringement of plaintiff's copyrighted works. At IPP, Limited, Mr. Fieser uses forensic software and other technology to scan BitTorrent file distribution networks to detect infringing activities and to identify IP addresses that are being used in this distribution process. Mr. Fieser has represented in his Declaration that during his investigation he was able to identify the subject IP address as a participant in the allegedly infringing distribution process of plaintiff's copyrighted works on particular dates. [Doc. No. 4-2, at pp.1-4.]

According to Mr. Fieser, ISPs keep subscriber logs that can reveal identifying information about the subscriber of the subject IP address during the time period relevant to his investigation. Mr. Feiser has also represented that the ISP is the only party who possesses records that can identify the subscriber at the subject IP address.[1] In addition, Mr. Fieser's Declaration states that ISPs "only retain IP address assignment information for a limited amount of time." [Doc. No. 4-2, at pp. 1-4.] Mr. Fieser's Declaration does satisfy plaintiff's burden to "make some showing" that an act giving rise to liability actually occurred and that the requested discovery is aimed at identifying the party who allegedly committed the act. *Columbia*, 185 F.R.D. at 579-580. However, the information submitted in support of plaintiff's Motion does not identify defendant with "sufficient specificity." Although it is alleged in the Complaint

---

[1] Ordinarily, ISPs cannot disclose a subscriber's personal information without consent or a court order. 47 U.S.C. § 551(c)(2)(B).

that infringing activity at this IP address was traced to a physical location within this District [Doc. No. 1, Compl, at p. 2], plaintiff did not submit any evidence in support of its Motion to show that this was actually done. As a result, there is nothing to indicate defendant could actually be sued in this Court.

Second, the movant must describe "all previous steps taken to locate the elusive defendant." *Columbia*, 185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.*

As noted above, plaintiff submitted a Declaration in support of its Motion, outlining the steps taken by a forensic investigator to identify infringing activity at the subject IP address. The investigator has also represented in his Declaration that the ISP "is the only party who possesses records which track IP address assignment to their subscribers." [Doc. No. 4-2, at p. 2.] The Complaint alleges that the subject IP address was "traced to a physical address located within this District." [Doc. No. 1, Compl, at p. 2.] Exhibits A through C to the Complaint appear to identify Cox Communications as the ISP with a location of "La Mesa, California." [Doc. Nos. 1-1, 1-2, 1-3.]

On the other hand, the investigator's Declaration does not explain what steps, if any, were taken to connect the subject IP address to Cox Communications as the alleged ISP. There is also nothing to establish the significance of "La Mesa, California" as the location. From the information provided, it is not clear whether plaintiff contends that Cox Communications is located in La Mesa, California, or that the subject IP address is located there. Without more, it is not clear that plaintiff has taken all of the steps available to trace the subject IP address to a physical point of origin. Therefore, plaintiff has not met its burden to show it has made a good faith effort to specifically identify defendant.

///

///

Third, plaintiff should establish that its suit against the defendant could withstand a motion to dismiss. *Id.* Under Federal Rule of Civil Procedure 12(b)(2), a case can be dismissed for lack of personal jurisdiction over a defendant. Fed.R.Civ.P. 12(b)(2). Similarly, Rule 12(b)(3) allows a case to be dismissed for improper venue or for failing to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(3), 12(b)(6).

A District Court need not accept the pleadings as true and may consider facts outside of the pleadings when considering a motion to dismiss for improper venue pursuant to Rule 12(b)(3). *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). Once a defendant challenges the propriety of venue in a given court, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979). When a District Court determines venue is improper, it must either dismiss the action or transfer it to another court in which the case could have been brought "if it is in the interests of justice." 28 U.S.C. § 1406(a). Dismissal would therefore be appropriate when no alternate district can be identified where venue would be proper.

"In order to establish personal jurisdiction over a defendant, that defendant must be found to have 'minimum contacts' with the forum state." *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1521-1522 (9th Cir. 1983), citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945). The Ninth Circuit applies "a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific personal jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport

///

with fair play and substantial justice, i.e., it must be reasonable." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010).

Where the underlying action is based on copyright infringement, the first element of this analysis is satisfied if "the defendant allegedly [has] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id*. In order to state a prima facie case for copyright infringement, a plaintiff must allege: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.2004), citing 17 U.S.C. § 501(a). Here, the Complaint does allege that plaintiff is the registered owner of certain copyrighted movies and that defendant violated plaintiff's exclusive ownership rights by copying, reproducing, and distributing these copyrighted movies without plaintiff's authorization or consent. [Doc. No. 1, Compl, at p. 2, 5-6.] It is further alleged that defendant's acts of infringement were committed willfully within the meaning of Title 17, United States Code, Section 504(c)(2). Therefore, plaintiff has stated a prima facie claim for copyright infringement that is likely to withstand a motion to dismiss.

In copyright infringement actions, venue is proper "in the district in which the defendant . . . resides or may be found." 28 U.S.C. § 1400(a). The Ninth Circuit has interpreted this provision "to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Brayton Purcell LLP*, 606 F.3d at 1126. "The Party asserting jurisdiction has the burden of proof once the issue is raised." *Wood*, 705 F.2d at 1522.

In the Complaint, plaintiff asserts that this Court has personal jurisdiction because the alleged acts of infringement were traced to an IP address that is located in this State and this District. [Doc. No. 1, Compl., at p. 2.] It is further alleged that venue is proper in this District, because the alleged acts of infringement occurred in this District and the defendant resides or may be found here. [Doc. No. 1, Compl., at p. 2.]

The allegations in the Complaint are supported by attached Exhibits A through C listing specific acts of infringement on certain dates at the subject IP address. [Doc. Nos. 1-1, 1-2, and 1-3.] As noted above, plaintiff also submitted an investigator's Declaration in support of its Motion that outlines the steps that were taken to identify alleged infringing activity at this specific IP address. [Doc. No. 4-2, at pp. 1-4.]

To summarize, the investigator's Declaration does not state what steps, if any, were taken to determine whether the subject IP address is located within this District or even in the State of California. In addition, no specific facts are alleged in the Complaint or included in the Declaration to indicate whether a substantial part of the events giving rise to the claims in this action occurred within this District. Neither the Complaint nor the Declaration submitted in support of plaintiff's Ex Parte Application allege or include specific facts suggesting that the unnamed defendant's alleged infringement or negligence arose out of forum-related activities, or that defendant's unlawful activities were directed to or consummated within this judicial District or even in the State of California. Therefore, without more, this Court is not convinced plaintiff could overcome a motion to dismiss on the issues of venue and/or personal jurisdiction.

## ***CONCLUSION***

For the reasons outlined above, plaintiff has not established that there is good cause for an order allowing it to serve third party Cox Communications with a Rule 45 subpoena on an expedited basis to obtain the name, address, and telephone number where IP address 98.176.216.109 was located during the time period when plaintiff alleges that acts of infringement occurred. Plaintiff has not identified defendant with "sufficient specificity" and has not made a showing that it made a good faith effort to specifically identify defendant by taking all available steps to trace the subject IP address to a physical point of origin. In addition, the facts alleged in the Complaint and the evidence presented in support of plaintiff's Ex Parte Motion are not enough to show plaintiff is likely to survive a motion to dismiss for improper venue or lack of personal

jurisdiction. Therefore, IT IS HEREBY ORDERED THAT plaintiff's Ex Parte Motion for Leave to Serve a Third Party Subpoena is DENIED.

IT IS SO ORDERED.

Date: June 26, 2013

KAREN S. CRAWFORD
United States Magistrate Judge